# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THOMAS BALL, ET AL | * | CIVIL ACTION |
| | * | |
| | * | NO. 08-4637 |
| | * | |
| SEAN ALFORTISH, ET AL | * | SECTION "L"(3) |

## ORDER & REASONS

Before the Court is George Ackel Jr.'s Motion to Remand (Rec. Doc. No. 10). Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate.

I.  **BACKGROUND**

This case arises out of a dispute regarding the management of the Louisiana Horsemen's Benevolent & Protective Association, Incorporated. The Plaintiffs filed suit in state court seeking access to financial records, business documents, and demanding that the Defendant Sean Alfortish show cause why money he received as executive director of the Louisiana Horsemen's Benevolent & Protective Association, Inc. (the "LHBPA") should not be returned.

George Ackel, Jr. filed a petition for intervention individually and on behalf of similarly situated members of the LHBPA who have sustained economic damage as a result of the actions of the Defendant as president of the LHBPA. Ackel brought the petition for intervention as a putative class action in state court alleging that the Defendant used LHBPA funds for personal uses and authorized expenditures that were not in the best interests of the members of the putative class. He also named as Defendants unknown insurance companies that provided coverage for the errors, omissions, and/or the negligence of the Defendant Sean Alfortish. Ackel's petition sought to recover economic damages resulting from Sean Alfortish's

actions as President of the LHBPA.

On October 10, 2008, the Defendant Alfortish removed the case from state court. According to the Defendant, the LHBPA has over 5,500 members, 46.64% of which have primary addresses in Louisiana. Furthermore, according to Ackel, each potential class member seeks up to $74,999 in individual damages. Accordingly, the Defendant claims that minimal diversity exists and an amount exceeding $5,000,000 is claimed, thus qualifying the case for federal jurisdiction under the Class Action Fairness Act ("CAFA"). The petition for intervention and class action petition for damages were pending in state court when the Defendant removed the case.

## II.     THE MOTIONS

George Ackel, Jr. has filed a motion to remand. He claims that the original petition was based on state law claims, so there is no federal question jurisdiction with regard to the original petition. He further asserts that the Class Action Fairness Act ("CAFA") should not be the basis for federal jurisdiction because an intervening complaint cannot convert a non-removable case into a removable one. Additionally, he claims that even if the case is subject to CAFA, the case qualifies under a CAFA exception and is therefore subject to remand.

In response, the Defendant seeks to both challenge the appropriateness of Ackel's intervention while maintaining that the basis for federal jurisdiction created by the intervention should not be ignored. These arguments are contradictory. The Defendant argues that the movant's intervention is procedurally improper. The Defendant asserts that the intervention does not seek the same relief as the original action, the intervention improperly seeks to convert the suit into a class action, George Ackel, Jr.'s efforts will delay the proceedings, and that Ackel never sought permission to intervene. Thus, the Defendant argues that the intervention should be disregarded on the issue of whether this Court should maintain jurisdiction. Nevertheless the

Defendant bases its removal on CAFA and argues that CAFA places the burden of proving an exception to CAFA, or that the jurisdictional requirements of CAFA have not been met, on the Plaintiffs. Regardless of the burden, the Defendant argues that the evidence clearly indicates that CAFA jurisdictional requirements have been met. In the alternative, the Defendant claims that the Plaintiffs cannot meet their burden of proving that the local controversy or the home rule exceptions to CAFA are applicable in the instant case.

The parties agree that no federal question jurisdiction exists absent the class action sought through George Ackel, Jr.'s intervention. The Court will first address the appropriateness of the intervention. The Court does not reach the CAFA jurisdictional question, as it finds that notwithstanding CAFA, the removal solely based on the claims asserted in the intervention was improper.

### III. LAW AND ANALYSIS

Intervention in a proceeding pending in a United States District Court is governed by Fed. R. Civ. P. 24, which provides for intervention as of right and permissive intervention. If a court concludes that it was not proper, the court has the power to strike, or dismiss, the intervention. *Team Bank v. Barfield*, 145 F.R.D. 69 (N.D. Tex. 1992). An intervenor cannot modify the procedural nature of the main demand, nor retard its process by way of the intervention. *See Schexnayder v. Entergy*, 394 F.3d 280 (5th Cir. 2004) (affirming remand where district court held that party seeking removal could not base petition on intervenor's federal claim); *Willingham v. Creswell-Keith, Inc.*, 160 F.Supp. 741, 744 (W.D. Ark. 1958) ("claims introduced into an action by intervention do not afford a basis for removal."); *Lauf v. Nelson*, 246 F. Supp. 307, 311 (D.C. Mont. 1965) (removal is made possible by claims of original plaintiffs not including intervening plaintiffs) (citing 1A Moore, Federal Practice (2d ed. 1965) 0.167 (11)

at 1054); *Smith v. St. Luke's Hospital*, 480 F. Supp. 58, 61 (D.C. S.D. 1979) (intervention cannot be basis for removal). Louisiana state law is also consistent with this principle. *See Leger v. Kent*, (La. App. 4 Cir. 4/24/02) 817 So. 2d 305, 308 (holding improper an intervention that sought to convert an ordinary products liability action into a class action ). The case against allowing an intervenor to remove is particularly strong where the intervenor's claim is a separate cause of action upon which the intervenor could bring his own action in federal court *Smith v. St. Luke's Hospital*, 480 F. Supp. 58 (D.C. S.D. 1979).

In enacting the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.), Congress expanded federal jurisdiction. In order to effectuate its intent, Congress permitted minimal diversity, removal by any defendant, and the aggregation of class members' claims. "When Congress has wished to provide parties other than defendants with a right of removal, it has used tailored language to accomplish that result." Jay Tidmarsh, *Finding Room for State Class Actions in a Post-CAFA World: The Case of the Counterclaim Class Action*, 35 W. St. U. L. Rev. 193, 211.[1] The text of CAFA does not indicate Congressional intent to permit an intervenor to make a case removable by independently asserting a class action. There is no evidence that Congress intended the courts to look beyond the text of CAFA to discover an independent basis for removal, permitting non-defendants to

---

[1] In an article discussing removal by counter-claim defendants, Professor Jay Tidmarsh argues that CAFA does not change the rule that counter-claim defendants do not have a right to remove. For support of the notion that Congress is explicit when it wishes to expand the right to remove, he points to 28 U.S.C. § 1452 (2000) as explicitly providing removal power for a "party"in bankruptcy courts, 25 U.S.C. § 487(d) (2000) as explicitly permitting the United States to remove in cases involving certain tribal lands, 12 U.S.C. § 1789 (2000) as explicitly permitting the National Credit Union Administration Board to remove any suit in which it is a party, and 12 U.S.C. § 1819(b)(2)(B) (2000) as explicitly permitting the Federal Deposit Insurance Corporation the right to remove in cases in which it is sued or is substituted as a party.

remove,[2] or permitting a third party's claims to serve as the basis for removal. Thus, CAFA does not affect the Court's analysis of the appropriateness of Ackel's intervention.

The Plaintiffs, members of the LHBPA Board of Directors, sought access to financial records and business documents, and made no reference to a class in the original petition. An intervenor's claims cannot serve as the basis for removal of an otherwise non-removable petition. Both of the parties agree that an intervenor cannot change the nature of a suit so as to make it removable.[3] George Ackel, Jr. sought to add a putative class action involving several hundred to several thousand new parties. An intervenor cannot seize control of the Plaintiffs' claims and convert them into a class action. CAFA does not change this result. If Ackel wishes to pursue claims for economic damages on behalf of members of the LHBPA, in a class action petition that may be subject to the jurisdiction of the federal court, he may do so independent of the Plaintiffs' claims. Accordingly, George Ackel, Jr.'s Petition for Intervention shall be dismissed.

The Court now turns to the existence of federal jurisdiction absent George Ackel, Jr.'s claims. The presence or absence of federal-question jurisdiction is governed by the well-pleaded-complaint rule, which provides that "federal jurisdiction exists only when a federal

---

[2]*See Palisades Collections LLC v. Shorts*, 2008 WL 5220993 (4th Cir. Dec. 16, 2008) (since class actions shall be removed in accordance with 28 U.S.C. § 1446, court found that Congress did not intend to expand the right of removal beyond the text of CAFA and 28 U.S.C. § 1446); *Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007) ("Although CAFA does eliminate three significant barriers to removal for qualifying actions, CAFA does not create an exception to [the] longstanding rule that a plaintiff/ cross-defendant cannot remove an action to federal court.") (citations omitted); *Ford Motor Credit Co. v. Jones*, 2007 WL 2236618 (N.D. Ohio 2007) (holding that CAFA does not expand jurisdiction so that a cross-claim defendant can remove an action).

[3]Ackel states, "An intervenor should not be allowed to create federal jurisdiction." Pl.'s Mem. in Supp. p. 4. ... "An intervening complaint cannot transform the original plaintiffs' non-removable complaint into one that is removable." *Id*. The Defendant states, "[T]he intervenor must take the proceeding as he finds the proceedings." Def.'s Mem. in Opp. p. 4."[T]he intervenor cannot modify the basic procedural nature of the main demand nor can the intervenor delay the progress of the main demand by asserting his intervention" *Id*.

question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998). Courts have held that if the plaintiff sets forth a nonremovable case in his initial complaint, involuntary changes will not make the case removable; they must have been brought about by the voluntary act of the plaintiff. 14B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3721, at 334 (3d ed. 1998); *see, e.g., Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967) (citing 1A Moore's Federal Practice (2d Ed.1965) § 0.168 (3.-5-6) at 597). However, the entire record is examined for a proper understanding of the true nature of the complaint. *See Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.1992).

The original petition sought relief solely based on state law claims, and was removed solely based on the actions of George Ackel, Jr. in filing a class action petition for damages. Because this Court finds that the intervention was improper, there is no remaining putative class action. Therefore, as the nature of the claims brought by the Plaintiffs are not subject to the jurisdiction of the federal court, this case must be remanded to state court.

**IV.      CONCLUSION**

For the foregoing reasons, IT IS ORDERED that George Ackel, Jr.'s Petition for Intervention is hereby DISMISSED. IT IS FURTHER ORDERED that this case is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, with all parties to bear their own costs pertaining to the removal and remand of this case.

New Orleans, Louisiana this 30th day of March, 2009.

UNITED STATES DISTRICT JUDGE